No. 14.—WILLIAM A. RAWSON, plaintiff in error, vs. WM. B. COCHRAN and others, defendants in error.

[1.] In a suit upon a promissory note, given jointly by two, and both of the makers are sued and served, and one of them dies before judgment, process of garnishment cannot issue against the joint debtors of the defendants, until the estate of the deceased party is represented, or such other proceedings are had as will disconnect the estate of the deceased defendant from the action.

Garnishment, in Dougherty Superior Court. Decision by Judge PERKINS, at November Term, 1854.

William A. Rawson brought an action against B. C. Green and K. C. Green. Pending the suit, B. C. Green departed this life. Before his death was suggested or there was a representation of his estate before the Court, the plaintiff, Rawson, sued out a summons of garnishment against Wm. B. Cochran and others, first making affidavit that "the estate of B. C. Green and K. C. Green are indebted to him," &c.

On motion, the Court dismissed the summons of garnishment, and this decision is assigned as error.

L. WARREN, for plaintiff in error.

SPICER & STROZIER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The case made by the record and by the admission of Counsel on the argument, is this: An action of assumpsit was brought in Baker Superior Court, by Wm. A. Rawson, against Bartlett C. Green and Kenyon C. Green, upon a promissory note. Bartlett C. Green died, and before any representation was had upon his estate, the plaintiffs sued out process of garnishment against DeGraffenreid and Cochran. Can this be done? The Circuit Judge held that it could not, and we think the judgment was right.

[1.] Waiving the discussion of the point, whether the assets of an estate may, by process of garnishment, be diverted from the due course of administration, by preventing them from coming into the hands of the legal representative, especially within the twelve months allowed by law, to ascertain the condition of the estate—I say, passing by this inquiry, we hold that important privileges are secured by law, to the defendants, which make it altogether improper to move in a cause, after the death of the party, and before the estate is represented. Bond has to be given to the defendants, before the garnishment can issue. This cannot be done until the representative was qualified. There is no obligee. By the Act of 1823, under which this proceeding was instituted, the defendant has the right to dissolve the garnishment by giving personal security for the debt. For this reason alone, to say nothing of others which might be assigned, the proceeding was properly dismissed.